```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 NELSON SANCHEZ,

                        Plaintiff          MEMORANDUM AND ORDER
                                           20-CV-2091(KAM)
     -against-


COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Pending before the Court is a motion by Plaintiff's counsel to be awarded twenty-five percent of Plaintiff's past-due Social Security disability benefits. (ECF No. 24 and exhibits.) Plaintiff Nelson Sanchez ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied disability benefits to Plaintiff. After Plaintiff served a motion for judgment on the pleadings on Defendant, the parties stipulated to remand the case to the SSA (ECF No. 19), where Plaintiff was subsequently awarded past-due benefits. (ECF No. 24-3.) Plaintiff's counsel, Howard D. Olinsky, now requests attorney's fees in the amount of $34,422.00, or 25 percent of the total award of past due benefits, pursuant to 42 U.S.C. § 406(b). For the reasons below, the Court grants in part and denies in part

1

Olinsky's motion for attorney's fees. Plaintiff's counsel is awarded $23,112.

## BACKGROUND

After Plaintiff was initially denied benefits by ALJ decision on February 14, 2019, and denied review from the Appeals Council on March 9, 2020, Plaintiff retained Howard D. Olinsky as counsel and filed the instant action on May 7, 2020, challenging the denial. (ECF No. 1 ("Compl.").) On January 15, 2021, Plaintiff served his motion for judgment on the pleadings on Defendant, and the parties subsequently stipulated to remand the case to the SSA. (*See* ECF Nos. 15, 19.) On July 16, 2021, this Court awarded Plaintiff $5,267.25, comprised of attorney's fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (07/16/2021 Dkt. Order.)

On July 26, 2022, the SSA mailed Plaintiff a Notice of Award letter informing him of his past-due benefits, and that the SSA withheld a sum of $34,422.00 — representing 25 percent of Plaintiff's past-due benefits — as possible attorney's fees under 42 U.S.C. § 406(b). (ECF No. 24-3 at 4.) On August 8, 2022, Olinsky filed a motion for attorney's fees under § 406(b), requesting a sum of $34,422.00. (ECF No. 24-1 at ¶ 6.) Along with his motion for attorney's fees, Olinsky submits his fee agreement with Plaintiff, demonstrating that Plaintiff had retained Olinsky and agreed to pay up to 25 percent of past-due benefits as a contingency fee. (ECF No. 24-2 at 1.) Olinsky also

2

submits itemized time records, indicating a total of 22.9 attorney hours spent litigating this matter before this Court, with a remaining 7.2 hours billed by paralegals. (ECF Nos. 24-4 – 24-6.) Olinsky's request thus amounts to an effective hourly rate of $1,471.70 per hour for 30.10 hours expended.

## LEGAL STANDARD

Section 406(b) of the Social Security Act authorizes the Court to award a "reasonable fee," which may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [a favorable] judgment." 42 U.S.C. § 406(b)(1)(A). Courts consider the following factors in determining whether the requested fee is reasonable: (a) the character of the representation and the results achieved; (b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits; (c) whether there was fraud or overreaching in the making of the contingency agreement; and (d) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney. *See Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

Regarding a potential windfall, courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. Specifically, courts should also consider (1) "the ability and expertise of the lawyers

3

and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

## DISCUSSION

Here, Olinsky seeks the maximum 25 percent of Plaintiff's past-due benefits, as provided by § 406(b)(1)(A) and by the contingency fee agreement, in the amount of $34,422.00. (ECF No. 24-1 at ¶ 6.) Olinksy also states that he will refund the $5,250 in EAJA fees previously awarded to Plaintiff upon receipt of payment of any ordered § 406(b) award, minus the $17.25 in expenses. (ECF No. 26 at 1.) Regarding the reasonableness of his requested fee, the Court first considers the character and results of the representation, and notes that Olinsky's briefing was effective: the Commissioner agreed to a remand and Plaintiff eventually received an award of past-due and future benefits. Additionally, there are no allegations of fraud or overreaching with respect to the retainer agreement.

At 30.10 total hours of work (including 22.9 attorney hours), Olinsky's fee request amounts to an effective hourly rate of $1,471.70 per hour. The Court finds this amount to be

4

unreasonable. Specifically, the Court finds that several of the "windfall" factors outlined in *Fields* require a downward adjustment of Olinsky's requested fees.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court finds that 30.10 hours was an arguably reasonable amount of time to spend litigating this case. When assessing the efficiency of plaintiff's counsel in *Fields*, the Second Circuit found that 25.8 hours spent reviewing a transcript, drafting a brief, and obtaining a stipulation of dismissal demonstrated efficiency. *Fields*, 24 F.4th at 854 (noting that "other lawyers might reasonably have taken twice as much time" to do the same work). Here, the time expended by Plaintiff's counsel to review the record and file a brief that persuaded the Commissioner to consent to remand prior to the Court's consideration of the parties' briefing[1] is evidence of efficient legal work, though the Court does note that certain time entries appear particularly lengthy for the work set forth. The Court also notes that nothing in Olinsky's affirmation or reply in support of this motion for attorney's fees speaks to Olinsky's

---

[1] Due to this Court's "bundling rule," Plaintiff's counsel served his completed brief on the Commissioner prior to filing the brief on the public docket. (*See* ECF No. 15.) Based on the bundling rule, this Court generally does not review the parties' motion papers until after briefing is complete, at which time the parties upload *all* briefing to the docket. Here, Plaintiff's motion papers were sufficiently compelling to prompt the SSA to agree to a remand prior to the completion of briefing, thereby alleviating the Court's need to consider the parties' briefing.

particular experience, history, or specialization in Social Security disability cases.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," the Court notes that Olinsky did not represent Plaintiff in the agency proceedings, and was first retained in the instant action. (ECF No. 24 at ¶ 1.) Moreover, there is no evidence that Olinsky represented Plaintiff during the remanded administrative proceedings. (*See generally* ECF Nos. 24-1 – 24-6.) In *Fields*, the plaintiff's counsel represented the plaintiff through the entirety of agency proceedings, including four separate hearing and multiple agency appeals. *See Fields*, 24 F.4th at 855 (finding that the length of the relationship distinguished the case from others in which a windfall was found). Here, Olinsky did not have the type of attorney-client relationship built over multiple rounds of administrative and judicial proceedings that the Second Circuit highlighted in *Fields*. Accordingly, this factor justifies a downward adjustment.

Third, with respect to "the satisfaction of the disabled claimant," the Court finds that Olinsky achieved a desirable result for Plaintiff. Although there is no submission from Plaintiff supporting or opposing Olinsky's request for fees, Plaintiff received a favorable result from this action; he was awarded benefits for the entirety of his alleged disability period. (ECF

6

No. 24-3.) Thus, this factor does not justify a downward adjustment.

Finally, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as in *Fields*, where the plaintiff's benefits had been denied a second time, after the first remand by the district court. *Fields*, 24 F.4th at 850. Here, Plaintiff's counsel was not required to employ extra efforts to achieve a remand and award of benefits, as the parties stipulated to remand prior to the Court's consideration of the parties' briefing, thereby reducing the uncertainty in this case. *Id.* at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery."). Although a favorable result was by no means certain in this case, the action did not require multiple rounds of representation, and resulted in a near immediate favorable ruling that produced a beneficial outcome for Plaintiff. This consideration thus justifies a downward adjustment.

Based on an analysis of the factors above, the Court finds the requested attorney's fees to be unreasonable, and reduces the fee amount to $23,112, which — after subtracting the $5,250.00 in EAJA fees — results in a fee amount of $17,862 and a *de facto* hourly rate of $593.42 for the 30.10 total hours expended (and

7

accordingly, $780 for the 22.9 attorney hours expended). Upon receiving the § 406(b) award, Olinsky is ordered to remit the $5,250.00 in fees received pursuant to the EAJA to Plaintiff. *See Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

## CONCLUSION

Accordingly, the Court approves an award of fees in the amount of $23,112 pursuant to 42 U.S.C. § 406(b), to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of § 406(b) fees, Counsel shall refund the EAJA award of $5,250.00 to Plaintiff and shall file a declaration stating such on the docket. Counsel shall also serve a copy of this Order and the docket onto his client, Plaintiff, and shall note proof of service on the docket no later than Thursday, August 17, 2023.

**SO ORDERED.**

Dated:   August 15, 2023
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge